UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELSEY PEARL NICOLETTI,

        Plaintiff,

 v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION

        Defendant.

No. 20-CV-5141 (KMK) (AEK)

ORDER ADOPTING REPORT &
RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

 Kelsey Pearl Nicoletti ("Plaintiff") brings this Action against the Acting Commissioner of Social Security ("Defendant" or the "Commissioner"), pursuant to 42 U.S.C. § 405(g), challenging the decision of an administrative law judge ("ALJ") to deny Plaintiff's application for a period of disability and disability insurance benefits on the ground that Plaintiff is not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 423, et seq. (*See* Compl. (Dkt. No. 1).) On July 27, 2020, Plaintiff filed an Amended Complaint. (*See* Am. Compl. (Dkt. No. 10).) On October 29, 2020, the Court referred the case to Magistrate Judge Andrew E. Krause ("Judge Krause") pursuant to 28 U.S.C. § 626(b)(1)(A). (*See* Dkt. No. 14.) Plaintiff and Defendant both moved for judgment on the pleadings. (*See* Dkt. Nos. 19, 25.) On February 28, 2022, Judge Krause issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's Motion for Judgment on the Pleadings ("Plaintiff's Motion") and grant Defendant's Cross-Motion for Judgment on the Pleadings ("Defendant's Motion"). (*See* R&R 35 (Dkt. No. 28).) Plaintiff filed Objections to the R&R on February 7, 2022, (*see* Pls.' Objs. to the R&R ("Pl.'s Objs.") (Dkt. No. 29)), and Defendant filed a Response February 22, 2022, (*see*

Def.'s Resp. to Pl.'s Objs. ("Def.'s Resp.") (Dkt. No. 35)). For the reasons discussed below, the Court adopts the result recommended in the R&R and overrules Plaintiff's Objections.

## I.  Discussion

### A.  Standard of Review

#### 1.  Review of a Report and Recommendation

A district court addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge." 28 U.S.C. § 636(b)(1). Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, so long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Rogers v. Astrue*, 895 F. Supp. 2d 541, 547 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)(2)). "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." *Caidor v. Onandaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation omitted); *see also Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed one day late). Moreover, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review

[of the magistrate's recommendations]." *Belen v. Colvin*, No. 14-CV-6898, 2020 WL 3056451, at *2 (S.D.N.Y. June 9, 2020) (alteration, citation, and italics omitted); *see also George v. Pro Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (same).

### 2.  Review of a Social Security Claim

In evaluating a social security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to social security benefits.  *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("[W]e do not substitute our judgment for the agency's, or determine de novo whether the claimant was disabled." (citations, quotation marks, alterations, and italics omitted)).  Instead, the reviewing court considers merely "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004).  Accordingly, a court may overturn an ALJ's determination only if it was "'based upon legal error'" or "'not supported by substantial evidence.'"  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)); *see also Cage*, 692 F.3d at 122 ("[W]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." (alteration in original) (quoting *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009))).  "Substantial evidence, however, is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rosa*, 168 F.3d at 77 (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (same).  In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted).

In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, [the] claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity [("RFC")] to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If, however, the claimant proves that his impairment prevents him from performing his past work, the burden shifts to the Commissioner at the fifth step. *See id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform." *Kamerling v. Massanari*, 295 F.3d 206, 210 (2d Cir. 2002). If the ALJ determines that a "significant number of jobs exist in the national economy that the claimant can perform," *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014), the ALJ must deny disability insurance benefits to the clamant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

B.  Analysis

The Court adopts the recitation of facts set forth by Judge Krause in the R&R, (*see* R&R 2), and assumes the Parties' familiarity with it.  The Court will repeat only those facts relevant to the consideration of Plaintiff's Objections.

Plaintiff raises two challenges to Judge Krause's R&R: his approval of the legal standards the ALJ applied and his determination that the ALJ's decision was supported by substantial evidence.  (*See generally* Pl.'s Objs.)[1]  The Court will address each of these contentions in turn.

1. Application of the Relevant Legal Standards

Plaintiff claims that the ALJ did not properly apply the relevant legal standards in deciding her case because the ALJ did not fully resolve the conflicts in the medical record.  (*See* Pl.'s Objs. 9.)  However, it is not an ALJ's responsibility to completely resolve all conflicts.  An ALJ may "choose between properly submitted medical opinions," *Pesco v. Kijakazi*, No. 20-CV-1124, 2021 WL 4463228, at *4 (E.D.N.Y. Sept. 29, 2021) (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)), and, more importantly, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve," *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (citation omitted).  Judge Krause evaluated the ALJ's treatment of

---

[1] Several of Plaintiff's arguments in her Objection reiterate her Memorandum of Law in Support of Her Motion for Judgment on the Pleadings. (*Compare, e.g.,* Pl.'s Mem. of Law in Supp. of Mot. for J. on the Pld. 22 (Dkt. No. 20), *with* Pl.'s Objs. 9–11) (asserting that the ALJ should have sought clarification from treating sources).)  Where a plaintiff merely reiterates arguments made in previous filings, the Court may review the R & R for clear error.  *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that a court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge).  However, out of an abundance of caution, the Court has done a de novo review.

the conflicting medical evidence in the record and found that the ALJ evaluated the relevant evidence and appropriately resolved any conflicts in accordance with the applicable legal standards. (R&R 14–22.)[2] The Court agrees with Judge Krause's assessment.

### 2. Substantial Evidence

Plaintiff also asserts that the ALJ's opinion was not supported by substantial evidence because the ALJ did not address all medical opinions that supported Plaintiff's position and did not seek clarification from sources where the ALJ noted that the evidence they provided was unclear. (*See* Pl.'s Objs. 9–13.) Plaintiff's claims are without merit. So long as the ALJ's "decision rests on adequate findings supported by evidence having rational probative force, [the court] will not substitute [its own] judgment. . . ." *Veino*, 312 F.3d at 586. When reviewing the record, an ALJ is not required to "explicitly . . . reconcile every conflicting shred of medical testimony." *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981); *see also Jones v. Berryhill*, 415 F. Supp. 3d 401, 415 (S.D.N.Y. 2019) (same); *Daniels v. Berryhill*, 270 F. Supp. 3d 764, 775 (S.D.N.Y. 2017) (same). Nor is an ALJ required to further develop the record where the evidence present is sufficient for the ALJ to make a determination. *See John W. v. Saul*, No. 20-CV-376, 2022 WL 3142083, at *4 (W.D.N.Y. Aug. 5, 2022) ("The ALJ is not required to develop the record any further when the evidence already presented is 'adequate for [the ALJ] to make a determination as to disability.'" (alteration in original) (quoting *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (summary order))); *Rosa*, 168 F.3d at 79 n.5 ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of

---

[2] Plaintiff points out that the ALJ failed to address the opinion of psychologist Dr. Hayden. (*See* Pl.'s Objs. 12.) However, the Court agrees with Judge Krause that, taking the entirety of the record into account, this omission constituted harmless error. (*See* R&R 22.)

rejecting a benefits claim.") (quotation marks omitted).  Reviewing the record and the ALJ's opinion (R&R 23–31), Judge Krause concluded that the ALJ provided "a detailed discussion of the medical and non-medical evidence in the record . . . . and the ALJ's RFC determination is supported by substantial evidence," (*id.* at 31).[3]  The Court agrees with that determination.[4]

---

[3] Somewhat confusingly, at multiple points, Plaintiff claims that "no opinions by any of [Plaintiff's medical] providers that were found to be persuasive [by the ALJ]," and thus that the ALJ "based his functional conclusions on raw medical data."  (Pl.'s Objs. 7, 10, 14.)  However, the Court finds, as Judge Krause did, that the ALJ provided a clear assessment of the weight given to the various medical opinions and that this assessment was supported by the record.  (*See* R&R 14–31.)

[4] Plaintiff cites *Hall v. Colvin*, 37 F. Supp. 3d 614, 629 (W.D.N.Y. 2014) to argue that this case should be remanded to the Commissioner because the Vocational Expert provided an opinion based on a hypothetical that relied on an RFC unsupported by substantial evidence.  (*See* Pl.'s Objs. 13.)  Because the Court finds that there was substantial evidence for the ALJ's RFC determination, this request is denied.
Plaintiff also objects to the ALJ's finding that the Plaintiff is physically and mentally capable of engaging in substantial gainful activity.  (*See* Pl.'s Objs 13–16.)  However, the thrust of Plaintiff's assertions here is that the ALJ's findings were not supported by substantial evidence.  Judge Krause addressed these assertions in some detail and found that the ALJ's determinations were supported by the record, (R&R 24–31), and the Court agrees with his assessment.

II.  Conclusion

For the foregoing reasons, the Court adopts Judge Krause's R&R, denies Plaintiff's Motion for Judgment on the Pleadings, and grants Defendant's Motion for Judgment on the Pleadings.  The final decision of the Commissioner is affirmed.  The Clerk of Court is respectfully directed to terminate the pending Motions, (*see* Dkt. Nos. 19, 25) and close this case. SO ORDERED.

Dated:    September 30, 2022
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge